# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Freddie Randolph,<br><br>    Plaintiff,<br><br>v.<br><br>Unknown Cole, *et al.*,<br><br>    Defendants. | No. CV-23-02460-PHX-JJT (JZB)<br><br>**ORDER** |

Before the Court is the Report and Recommendation (Doc. 33, "R&R") entered by United States Magistrate Judge John Z. Boyle that concludes the Court should deny Plaintiff Freddie Randolph's "Requested Motion to Amend his Complaint Pursuant to Rule 15(a)(2)" (Doc. 15). In the R&R, Judge Boyle warned the parties that they had fourteen days from the date of service of the R&R to file any specific written objections to it with the Court. Judge Boyle further warned that "failure to timely file objections [to the R&R] may result in the acceptance of [it] by the district court without further review." (R&R at 8.) Mr. Randolph timely made a filing (Doc. 35), which he captioned "Objection," but it cannot be considered an objection, specific or otherwise. The entire text of the filing is as follows:

> Come now Freddie Randolph, self-represented person objection to Report and Recommendation [Doc #33] filed 11/18/24. Plaintiff objection is within 14 days pursuant to 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), b(b), and 72.
>     1.) Costs of this action and other just relief. Unless a statute, rule or prior court order authorizes otherwise.

1  (Doc. 35.) From the above, the Court cannot identify any basis for objection to Judge
2  Boyle's recommendation or his underlying reasoning. This is not a specific objection as
3  required. The Court is thus empowered to accept the recommendations without further
4  review. But it nonetheless elects to conduct a review of the recommendations on their
5  merits. Upon doing so, the Court concludes that adoption of Judge Boyle's
6  recommendations, as well as his reasoning as set forth in the thorough R&R, is justified.

7  Amendment of Count I of Mr. Randolph's Complaint is futile because, as
8  Judge Boyle observed, the Court has already recognized that his excessive force claim is
9  predicated on the Fourteenth Amendment, and that claim goes forward at present under a
10 Fourteenth Amendment analysis. Amendment to that effect serves no purpose.

11 Amendment of Court II is futile because Correctional Health Services is a non-jural
12 entity and therefore an improper defendant, and Plaintiff offers in his Motion to Amend or
13 his lodged proposed Amended Complaint (Doc. 16) no allegations sufficient to connect the
14 correct defendant, the actual jural entity Maricopa County, to any specific policy or custom
15 that resulted in a violation of Plaintiff's constitutional rights nor a causal link between such
16 policy and any injury. As Judge Boyle has previously pointed out, Sheriff Penzone is no
17 longer the sheriff and is therefore an improper defendant in his official capacity and for
18 injunctive relief, and as with the County, Plaintiff offers no allegation connecting Penzone
19 to any policy or custom violating his constitutional rights or linking policy to injury; thus
20 Penzone is not a proper defendant in his individual capacity.

21 For these reasons,

22 **IT IS ORDERED** overruling the Objection (Doc. 35), adopting in whole the R&R
23 (Doc. 33) submitted by Judge Boyle and denying Plaintiff Randoph's "Requested Motion
24 to Amend his Complaint Pursuant to Rule 15(a)(2)" (Doc. 15). Litigation of this matter as
25 to Count I will proceed.

26 Dated this 14th day of February, 2025.

Honorable John J. Tuchi
United States District Judge